UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEHAK ZENTZ, DDS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DENTIVE-FAMILY FIRST DENTAL, LLC, a Washington Limited Liability Company,<br><br>　　　　　　　　　Defendant. | NO. 4:23-CV-5071-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED in part.

## BACKGROUND

This matter relates to Plaintiff's employment separation from Defendant's dental practice following Plaintiff's period of parental leave. The following facts

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 1

are drawn from Plaintiff's Complaint and construed in the light most favorable to Plaintiff. *Schwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000).

Plaintiff was hired by Defendant in 2018 to work as a fulltime dentist. ECF No. 1-1 at 3, ¶ 4. Fulltime dentists at Defendant's practice typically work four days per week. *Id*., ¶ 13. Plaintiff became pregnant with her second child in 2022. *Id*. at 4, ¶ 21. Plaintiff began her period of parental leave on September 27, 2022. *Id*. at 5, ¶ 27. Prior to Plaintiff's leave, Plaintiff and Defendant agreed Plaintiff would return from parental leave to a reduced three-day work scheduled. *Id*. at 4, ¶ 22. The parties dispute whether the reduced schedule was a permanent change. *Id*.; ECF No. 8 at 4 n.2.

Plaintiff was initially scheduled to return to work sometime at the end of December 2022 or the beginning of January 2023 but extended her leave by one month due to her new baby's medical complications. ECF No. 1-1 at 5, ¶ 27. Her return-to-work date after the extension was January 31, 2023. *Id*., ¶ 29.

On December 9, 2022, while still on leave, Plaintiff texted Defendant's office manager to request vacation leave that would occur on February 17, 21, 22, and 24, 2022. *Id*., ¶ 30. On December 13, 2022, Plaintiff received an email response from Defendant regarding her vacation request. *Id*. at 6, ¶ 32. The email expressed disappointment and frustration with the timing of Plaintiff's request and outlined the difficulties Defendant's practiced endured during a doctor's absence.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 2

1   *Id*.  The email went on to state Defendant was "happy" to provide coverage for
2   Plaintiff's first three months of leave, but when Plaintiff's leave "was stretched to
3   four months" and was then "compounded by a request for another week off, just 2
4   and ½ weeks after a four-month absence," the employment relationship began
5   "feeling too one-sided."  *Id*.  Defendant concluded the employment relationship
6   "may no longer be a fit."  *Id*.  Defendant ultimately denied Plaintiff's request for
7   vacation leave and stated Plaintiff could either resume to her four-day work
8   schedule upon her return from leave or she could resign.  *Id*., ¶¶ 33–35.

9       On December 15, 2022, Plaintiff responded that she was not resigning and
10  that she would return on January 31, 2023 to the previously agreed upon three-day
11  work schedule.  *Id*., ¶ 36.  Defendant replied on January 12, 2023 that if Plaintiff
12  could not return to the four-day work schedule as proposed, Defendant would be
13  "sorry to see [her] go."  *Id*., ¶ 37.  Because of Plaintiff's childcare arrangements,
14  she could not accommodate a four-day work week.  *Id*., ¶ 38.

15      Plaintiff filed a Complaint in the Superior Court for Benton County on April
16  3, 2023, raising two causes of action: (1) retaliation for the exercise of family leave
17  rights in violation of the Washington Family Leave Act ("WFLA"), RCW 49.78 *et*
18  *seq*., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.;
19  and (2) termination in violation of public policy.  ECF No. 1-1.  Defendant timely
20  removed the action to this Court on May 10, 2023.  ECF No. 1.  This Court has

1  subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and supplemental jurisdiction over Plaintiff's interrelated state law claims pursuant to 28 U.S.C. § 1367.  On May 17, 2023, Defendant filed the present motion seeking dismissal of all claims asserted against it.  ECF No. 8.  Plaintiff opposes the motion.  ECF No. 9.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted."  A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

Under the Ninth Circuit's "incorporation by reference" rule, a court may look beyond the pleadings and may consider documents incorporated into the complaint by reference without converting the motion into a motion for summary judgment. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Where a complaint makes conclusory allegations that are contradicted by referenced documents, a court may decline to accept the conclusory allegations as true. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1135 n.1 (9th Cir. 2013). However, a court may not dismiss the allegations if the incorporated documents serve only to dispute facts asserted in the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted).

### 1. FMLA/WFLA Retaliation

Defendant moves for dismissal of Plaintiff's claim for violation of the FMLA and WFLA on the grounds that Plaintiff has not pleaded facts indicating she engaged in protected activity to support a claim for retaliation and because the

pleaded facts do not demonstrate her employment separation was motivated by her exercise of rights under the FMLA and WFLA. ECF No. 8 at 7. Plaintiff argues the denial of vacation leave and the altered work schedule upon her return from FMLA leave were adverse employment actions that would not have occurred but for her leave. ECF No. 9 at 6.

As an initial matter, "[t]he WFLA is patterned on and construed in accordance with the FMLA." *Shelton v. Boeing Co.*, 702 F. App'x 567, 568 (9th Cir. 2017). Accordingly, the Court's analysis of Plaintiff's FMLA claim also applies to her WFLA claim. The FMLA, 29 U.S.C. § 2601, *et seq.,* provides two substantive rights to eligible employees. *Bachelder v. Am. W. Airlines, Inc.,* 259 F.3d 1112, 1122 (9th Cir. 2001). The first is the right to take paid leave for protected reasons such as caring for a newborn child, caring for a child or parent with a serious health condition, or caring for the employee's own serious health condition, and the second is the right to be restored to the same position, or a position with equivalent pay, benefits, and terms of employment, upon returning from such leave. *Id.* (citing 29 U.S.C. §§ 2612(a), 2614(a)). The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. *Id.* (citing 29 U.S.C. § 2615(a)(1)). "When a party alleges a violation of § 2615(a)(1), it is known as an

'interference' or 'entitlement' claim." *Sanders v. City of Newport*, 657 F.3d 772, 777–78 (9th Cir. 2011).

Plaintiff styles her claim as "Retaliation for the Exercise of Family Leave Rights" and cites the elements for a claim under the anti-retaliation/discrimination statute. ECF Nos. 1-1 at 7; 9 at 5; *see Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003) (distinguishing FMLA retaliation claims in which an employee is punished for opposing unlawful practices by the employer, from interference claims in which an employee is punished simply by taking FMLA leave). However, Plaintiff does not allege she engaged in the type of protected activity contemplated by the anti-retaliation statute. Rather, Plaintiff alleges Defendant denied her vacation leave and failed to reinstate her to the previously agreed-upon reduced work schedule, which ultimately led to her employment separation. ECF No. 1-1 at 7, ¶¶ 39–46. Thus, Plaintiff's claim is more properly evaluated as an interference claim.

To establish an "interference" claim, a plaintiff must demonstrate that: (1) she was eligible for the FMLA's protection, (2) her employer was covered by the FMLA, (3) she was entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) her employer denied her FMLA benefits to which she was entitled." *Sanders,* 657 F.3d at 778. There is no dispute regarding the first four elements. As to the fifth, vacation leave is not protected

leave under the FMLA.  Thus, Defendant's denial of Plaintiff's February vacation leave cannot support a claim for FMLA interference.

Turning to Plaintiff's claim that she was entitled to the reduced three-day work schedule upon her return, the Ninth Circuit has described the right to reinstatement under 29 U.S.C. § 2614(a)(1) as the "linchpin" of an entitlement or retaliation claim because it provides the expectation that an employee who takes FMLA leave will return to work after the leave ends.  *Sanders*, 657 F.3d at 778.  Relatedly, the implementing regulations explain an employer may not consider an employee's use of FMLA leave when making adverse employment decisions.  29 C.F.R. § 825.220(c).  Therefore, evidence that an employer failed to reinstate an employee who takes FMLA leave to her original or equivalent position, or evidence that an employer used the employee's FMLA leave as a negative factor in making an adverse employment decision, establishes prima facie denial of the employee's FMLA rights.  *Sanders*, 657 F.3d at 778; *Xin Liu*, 347 F.3d at 1136.

However, reinstatement is not without limits.  An employee is entitled only to the rights, benefits, or position of employment to which the employee would have been entitled had the employee not taken FMLA leave.  *Sanders*, 657 F.3d at 778.  Under the regulations, "an equivalent position" is "one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status" and "must involve the

same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 29 C.F.R. § 825.215(a).

The parties do not appear to dispute that the three-day work schedule was not an equivalent position to the four-day work schedule. Their dispute centers on whether Plaintiff was entitled to the reduced schedule upon her return. Although Plaintiff was employed as a fulltime dentist prior to taking leave, and fulltime dentists at Defendant's practice work four-day work schedules, the parties agreed Plaintiff would return to a three-day work schedule after her period of leave. ECF Nos. 1-1 at 3, ¶ 13, at 4, ¶ 22; 10-1 at 2. Plaintiff alleges the reduced schedule was a permanent change. ECF No. 1-1 at 4, ¶ 22. Defendant challenges this characterization and asserts Plaintiff continued to work a four-day work schedule prior to taking leave. ECF No. 8 at 4 n.2. Based on the current record, the Court is unable to determine as a matter of law which schedule Plaintiff was entitled to upon her return. Thus, viewing the allegations in a light most favorable to Plaintiff, Plaintiff has plausibly alleged she was denied reinstatement to her previously held position.

The parties also dispute whether Plaintiff's FMLA leave was a negative factor in reverting her schedule back to the four-day workweek. ECF Nos. 8 at 7–8; 9 at 5. Plaintiff alleges Defendant cited her absence and the difficulties the

practice faced during her FMLA leave when it decided to revert her schedule.  ECF No. 1-1 at 7, ¶ 42.  A review of the referenced email indicates Defendant was "happy" to provide coverage for Plaintiff's first three months of leave, but when the leave "stretched to four months" and was then "compounded further by a request of another week off, just 2 and ½ weeks after a four-month absence," the employment relationship began to feel "too one-sided."  ECF No. 10-2 at 3.  Defendant concluded that Plaintiff's employment "may no longer be a fit" and indicated Plaintiff could return to her four-day work schedule or resign.  *Id*. at 4.

Although employers are not prohibited from making adverse employment decisions for leave not covered by the FMLA, such as absences for vacation, employers may not use protected leave as a negative factor.  *Liston v. Nevada ex rel. Dep't of Bus. & Indus.,* 311 Fed. Appx. 1000, 1001 (9th Cir. 2009).  Here, Defendant explicitly referred to Plaintiff's extension of FMLA leave when it denied her request for vacation leave and altered the previously agreed-upon work schedule.  Additionally, Defendant's comment regarding the additional month of FMLA leave occurred while Plaintiff was still on FMLA leave.  *See Xin Liu*, 347 F.3d at 1137 (finding the proximity in time between the protected leave and the adverse employment decision provided supporting evidence of a connection between the two events).  Therefore, Plaintiff has plausibly alleged Defendant

improperly considered her FMLA leave as a negative factor when it reverted Plaintiff's schedule back to the four-day workweek.

Based on the foregoing, Defendant is not entitled to dismissal of Plaintiff's claim for FMLA/WFLA interference.

**2.    Termination in Violation of Public Policy**

Defendant seeks dismissal of Plaintiff's claim for termination in violation of public policy on similar grounds, namely that she has failed to plead facts that her employment separation was motivated by her protected leave.  ECF No. 8 at 13.  Plaintiff appears to argue her schedule change, motivated in part by her FMLA leave, created intolerable working conditions, which caused her to resign, in violation of public policy.  ECF Nos. 1-1 at 8, ¶¶ 47–52; 9 at 6.

In Washington, a claim for wrongful termination in violation of public policy may be based on a theory of constructive discharge.  *Wahl v. Dash Point Family Dental Clinic, Inc.,* 144 Wash. App. 34, 43 (2008) (citing *Syder v. Med. Serv. Corp. of E. Wash.,* 145 Wash. 2d 233, 238 (2001)).  To state a claim for constructive discharge, an employee must allege (1) the employer engaged in deliberate conduct which made the employee's working conditions intolerable; (2) a reasonable person in the employee's position would be forced to resign; (3) the employee resigned solely because of the intolerable conditions; and (4) the

employee suffered damages.  *Allstot v. Edwards,* 116 Wash. App. 424, 433 (2003); *Short v. Battle Ground Sch. Dist.,* 169 Wash. App. 188, 206 (2012).

Intolerable working conditions exist where an employee is subjected to "aggravating circumstances or a continuous pattern of discriminatory treatment" on the part of the employer.  *Allstot,* 116 Wash. App. at 433.  The relevant question is whether a reasonable person, when confronted with the circumstances facing that particular employee, would have felt compelled to resign.  *See Short,* 169 Wash. App. at 206 (an employee must show the employer "made her working conditions so intolerable that a reasonable person in her shoes would have felt compelled to resign").  Further, courts applying Washington law must "presume [the] resignation is voluntary and, thus, cannot give rise to a claim for constructive discharge."  *Townsend v. Walla Walla Sch. Dist.,* 147 Wash. App. 620, 627 (2008).  The employee may rebut this presumption "by showing the resignation was prompted by duress or an employer's oppressive actions."  *Id.* at 627–28.  Mere subjective dissatisfaction, however, is insufficient to overcome the presumption.  *Id.* at 628.

"Generally, whether working conditions have risen to an 'intolerable' level is a jury question."  *Gibson v. King Cnty.*, 397 F. Supp. 2d 1273, 1281 (W.D. Wash. 2005) (citing *Sanchez v. City of Santa Ana,* 915 F.2d 424, 431 (9th Cir. 1990), *cert. denied,* 502 U.S. 957 (1991).  However, there must be a triable issue of

fact as to whether a reasonable person in the plaintiff's position would have been forced to quit as a result of intolerable working conditions. *Id.* (citing *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1465 (9th Cir.1994)). Here, Plaintiff does not allege facts indicating her working conditions were objectively intolerable, nor does she allege any facts indicating her resignation occurred under duress or oppressive actions. In fact, Plaintiff does not allege any facts regarding her working conditions; she simply alleges she could not accommodate a four-day work week due to her childcare arrangements. ECF Nos. 1-1 at 6, ¶ 38; 9 at 10.

Plaintiff argues other courts have found a schedule change can support a finding of constructive discharge. ECF No. 9 at 6–9. While this may be true, Plaintiff has failed to allege any facts demonstrating her schedule change resulted in sufficiently egregious working conditions. *See, e.g., Alvarado v. Federal Express Corp.*, 384 Fed. Appx. 585, 589 (9th Cir. 2010) (concluding a reasonable person in the plaintiff's position would have felt compelled to resign where the plaintiff had complained about her shift supervisor's sexual harassment and experienced worsening working conditions; the plaintiff attempted to obtain a different schedule but was rebuffed; and there was evidence the plaintiff was singled out for harsh treatment). As such, Plaintiff has failed to state a claim for termination in violation of public policy premised on constructive discharge. Defendant is entitled to dismissal of the claim.

### 3. Amendment

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

Plaintiff has not requested leave to amend. Defendant argues leave to amend should be denied because Plaintiff cannot show she was constructively discharged. Although Plaintiff's claim premised on constructive discharge falls woefully short, the Court finds Defendant would not be unduly prejudiced by granting Plaintiff an opportunity to amend. However, Plaintiff is cautioned that subsequently inadequate claims will be subject to dismissal.

//

//

//

//

1  **ACCORDINGLY, IT IS HEREBY ORDERED:**

2  1. Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED in part**.

3  2. Plaintiff is permitted to file and serve an amended complaint within **ten
4  (10) days** of entry of this Order.

5  The District Court Executive is directed to enter this Order and furnish
6  copies to counsel.

7  DATED July 27, 2023.



```
                    THOMAS O. RICE
                United States District Judge
```

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 15