UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEHAK ZENTZ, DDS,<br><br>                    Plaintiff,<br><br>     v.<br><br>DENTIVE-FAMILY FIRST DENTAL, LLC,<br><br>                    Defendant. | NO. 4:23-CV-5071-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 15). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 15) is GRANTED in part.

## BACKGROUND

This claim involves alleged violation of the Family and Medical Leave Act ("FMLA") and the Washington Family Leave Act ("WFLA"). Plaintiff filed an

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 1

amended complaint after the Court partially granted Defendant's first motion to dismiss.  ECF No. 14.  Discussion of the facts are largely laid out in the Court's Order Granting in Part Defendant's Motion to Dismiss.  ECF No. 13.  Plaintiff makes two notable changes regarding the structure of her complaint.  First, Plaintiff has refashioned her FMLA claim to allege interference, but has kept her WFLA structured as retaliation.  ECF No. 14 at 7.  Second, Plaintiff added that she relied on the amended work week schedule in planning for her childcare and family obligation, including taking her second child for medical treatment in Seattle.  ECF No. 14 at 6, ¶ 31.  After Plaintiff filed her amended complaint, Defendant filed a motion to dismiss for failure to state a claim.  ECF No. 15.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted."  A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences

1 … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

Under the Ninth Circuit's "incorporation by reference" rule, a court may look beyond the pleadings and may consider documents incorporated into the complaint by reference without converting the motion into a motion for summary judgment. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Where a complaint makes conclusory allegations that are contradicted by referenced documents, a court may decline to accept the conclusory allegations as true. *Tritz v. U.S. Postal Serv.,* 721 F.3d 1133, 1135 n.1 (9th Cir. 2013). However, a court may not dismiss the allegations if the incorporated documents serve only to dispute facts asserted in the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted).

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 3

## II. Plaintiff's FMLA/WFLA Claims

Defendant argues that Plaintiff's claim for violation of the FMLA and the WFLA should be dismissed because Plaintiff fails to establish the requisite harm. ECF No. 15 at 11, 12. Specifically, Defendant argues that Plaintiff's FMLA complaint should be dismissed because Plaintiff failed to return after her 12 weeks of leave expired, and thus any adverse decision made about employment cannot be based on a FMLA claim. *Id.* at 12. Defendant also argues that Plaintiff's WFLA claim should be dismissed as it rests on retaliation rather than interference, which the Court previously stated was an improper basis for Plaintiff's WFLA claim. *Id.* at 11.

### A. Plaintiff's FMLA Claim

Defendant argues the Court should dismiss Plaintiff's FMLA claim because she was not reinstated at Family First Dental after her protected twelve weeks maximum time had expired. ECF No. 14 at 12-13. Thus, according to Defendant, any action in dismissal of Plaintiff by an employer would not fall under the protection of FMLA and could be used in an adverse employment decision. *Id.* at 13.

Plaintiff does not dispute this point in her response, but the Court already determined in its Order on Defendant's first Motion to Dismiss that Defendant made reference to an additional month of leave while Plaintiff was within the

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 4

bounds of the statutorily protected twelve weeks of FMLA. ECF No. 13 at 9-10. While true that employers may make adverse employment decisions for leave not covered by FMLA, an employer may not use protected leave as a negative contributing factor in making employment determinations. *Liston v. Nevada ex rel. Dep't of Bus. & Indus.*, 311 Fed. Appx. 1000, 1001 (9th Cir. 2009). Likewise, Defendant asserts that "once an employee exhausts his FMLA leave, employers are not prohibited from basing adverse employment decisions on subsequent absences." *Banaga v. Gov't Emps. Ins. Co.*, No. 18-CV-02756-GPC-KSC, 2019 WL 2451418, at *6 (S.D. Cal. June 12, 2019). However, *Banaga* goes on to say "[w]hile employers do not have the right to take adverse actions against employees based on protected FMLA leave already taken simply because they have exhausted their FMLA leave, Plaintiff does not assert that his first twelve weeks of leave wrongfully contributed to his demotion."

Here, Plaintiff is alleging that reference was made to her protected leave during her exercise of that protected leave, and that her work schedule was thus altered as a result of her request for additional leave. ECF No. 14 at 8, ¶ 45. Plaintiff asserts that her schedule was changed to accommodate her childcare schedule prior to taking her FMLA for the birth of her second child, and Defendant used her FMLA leave time in declining to honor the change from a four-day workweek to a three-day workweek. ECF No. 14 at 7-8, ¶¶ 44(b), 45.

Plaintiff also alleges that Defendant used her protected leave to deny her vacation time, which is not protected by FMLA. ECF No. 14 at 7, ¶ 44(a), *see Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001) (recognizing the legitimacy of taking adverse employment action based on absences not protected by the FMLA). While the denial of vacation time is not protected, Plaintiff makes a colorable claim that a change in a previously agreed upon schedule could be retaliatory based on the reference to leave in conjunction with the change to work schedule in the email received from Defendant on December 13, 2022. ECF No. 14 at 5, ¶ 28 ("When a doctor is absent its affects staffing, patient experience, production, budgets, planning, etc. Providing coverage for the first three months was something we were happy to do. However, your leave was stretched to four months . . ."). Defendant added that Plaintiff would only be offered full time employment, rather than her modified schedule, upon her return. *Id.*, ¶ 30. Therefore, Defendant is not entitled to dismissal of Plaintiff's FMLA interference claim at this time.

      B.  <u>Plaintiff's WFLA Claim</u>

Additionally, Defendant argues that the Court should dismiss Plaintiff's WFLA claim because she argues that violation was based on a retaliation theory rather than an interference theory, an argument the Court rejected in its first Order on Defendant's Motion to Dismiss. ECF No. 13. As the Court previously stated

"[t]he WFLA is patterned on and construed in accordance with the FMLA." *Shelton v. Boeing Co.*, 702 F. App'x 567, 568 (9th Cir. 2017). To make a claim for interference under the FMLA, a party must show that they were entitled to reinstatement, and that their employer denied that entitlement. *Sanders v. City of Newport,* 657 F.3d 772, 778 (9th Cir. 2011). A party can make this showing through a five-part test that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Id*.

Plaintiff maintains that there is a portion of Washington's Family Leave Act which differs from the FMLA. She argues that the WFLA supports that a plaintiff can make a retaliation claim under WFLA by showing "(1) he or she was absent from work for reasons covered by the FMLA/WFLA, (2) he or she suffered an adverse employment decision, and (3) the covered leave was a negative factor in the employer's adverse employment decision." ECF No. 16 at 4 (citing *Espindola v. Apple King*, 6 Wash. App. 2d 244, 257 (2018)). However, in a footnote, *Espindola* notes that "[t]he medical leave statutes also prohibit employers from interfering with an employee's exercise of FMLA/WFLA rights. 29 U.S.C. §

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 7

2615(a)(1); RCW 49.78.300(1)(a).[1]  However, this case does not involve a straight interference claim, such as what might be asserted if an employer refused to grant an employee the substantive right to reinstatement after the employee exercised protected leave." *Id*. at 255 n.1.  Plaintiff fails to point to where specifically the WFLA diverges from the FMLA.

As the Court previously stated, here Plaintiff asserting an *interference* claim, because she is arguing that Defendant used her protective leave to interfere with her right to be reinstated with her modified schedule upon her return.  ECF No. 13 at 7.  In *Espindola*, the Plaintiff was fired for being absent from work in violation of the protection of FMLA and WFLA because her employer took protected leave into account when making the decision to terminate her employment.  *Espindola*, 6 Wash. App. 2d at 263.  Plaintiff, however, is arguing the exact distinction that *Epsindola* contemplated.  Her argument is premised on the idea that Defendant refused to honor the pre-leave agreement that was made, and thus she was constructively discharged, thereby frustrating reinstatement.  ECF No. 14 at 8, ¶ 49.  As the Court previously stated, subsequent inadequate claims will result in dismissal.  ECF No. 13 at 14, ¶ 15.  As such, Defendant is entitled to dismissal of

---

[1]  The legislature repealed the Washington Family Leave Act in December 2017, effective December 2019.

1    Plaintiff's WFLA retaliation claim.

2    **III.    Termination in Violation of Public Policy**

The Court initially dismissed Plaintiff's violation of public policy claim for lack of demonstration that Plaintiff was subjected to intolerable working conditions. ECF No. 13 at 13. Defendant now argues that the Court should dismiss Plaintiff's amended violation of public policy claim because Plaintiff still has not supported a claim of "sufficiently egregious working conditions," such that Plaintiff was constructively discharged. ECF No. 15 at 9. In response, Plaintiff asserts that Defendant's actions involving working hours were a deliberate attempt to induce Plaintiff to resign, that a reasonable person facing such conditions would resign, and therefore she was constructively discharged. *See generally* ECF No. 16 at 2-4.

In Washington, a claim for wrongful termination in violation of public policy may be based on a theory of constructive discharge. *Wahl v. Dash Point Family Dental Clinic, Inc.*, 144 Wash. App. 34, 43 (2008) (citing *Snyder v. Med. Serv. Corp. of E. Wash.*, 145 Wash. 2d 233, 238 (2001)). To state a claim for constructive discharge, an employee must allege (1) the employer engaged in deliberate conduct which made the employee's working conditions intolerable; (2) a reasonable person in the employee's position would be forced to resign; (3) the employee resigned solely because of the intolerable conditions; and (4) the

employee suffered damages. *Allstot v. Edwards*, 116 Wash. App. 424, 433 (2003); *Short v. Battle Ground Sch. Dist.*, 169 Wash. App. 188, 206 (2012).

Intolerable working conditions exist where an employee is subjected to "aggravating circumstances or a continuous pattern of discriminatory treatment" on the part of the employer. *Allstot*, 116 Wash. App. at 433. The relevant question is whether a reasonable person, when confronted with the circumstances facing that particular employee, would have felt compelled to resign. *See Short*, 169 Wash. 206 (an employee must show the employer "made her working conditions so intolerable that a reasonable person in her shoes would have felt compelled to discharge." *Townsend v. Walla Walla Sch. Dist.*, 147 Wash. App. 620, 627 (2008). The employee may rebut this presumption "by showing the resignation was prompted by duress or an employer's oppressive actions." *Id*. at 627–28. Mere subjective dissatisfaction, however, is insufficient to overcome the presumption. *Id*. at 628.

"Generally, whether working conditions have risen to an 'intolerable' level is a jury question." *Gibson v. King Cnty.*, 397 F. Supp. 2d 1273, 1281 (W.D. Wash. 2005) (citing *Sanchez v. City of Santa Ana*, 915 F.2d 424, 431 (9th Cir. 1990). However, there must be a triable issue of fact as to whether a reasonable person in the plaintiff's position would have been forced to quit as a result of intolerable working conditions. *Id*. (citing *Steiner v. Showboat Operating Co.*, 25

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 10

F.3d 1459, 1465 (9th Cir. 1994)).  The Ninth Circuit has consistently held that a party claiming constructive discharge must show that "an employer create[d] working conditions that are 'sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood.'"  *Poland v. Chertoff*, 494 F.3d 1174, 1186 (9th Cir. 2007) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000)).

Plaintiff argues that Defendant deliberately altered her relied upon return schedule in an effort to get her to resign, and that a reasonable person in Plaintiff's position would have resigned.  ECF No. 16 at 4.  She points to Defendant's email on December 13, 2022, which Defendant ended, "We wish things could have gone differently.  If it's possible to part as friends, we would sincerely like to do so[,]" as evidence that Defendant knew or hoped that Plaintiff would quit because her schedule could not be accommodated.  ECF No. 16 at 2; ECF No. 14 at 5, ¶ 30.

Plaintiff cites to what she claims are several cases in which a court found that a change in schedule could support a constructive discharge claim.[2]  In *Joyce*

---

[2]    Plaintiff also cites to *Washington v. Illinois Department of Revenue*, 420 F.3d 658, 662, 659 (7th Cir. 2005) where the court found that a retaliation suit could be maintained based on a shift change that the defendant knew would leave plaintiff unable to care for her son with a medical condition.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 11

*v. Office of Architect of Capitol*, 966 F. Supp. 2d 15, 27 (D.D.C. 2013), the court found that an unexpected shift change after taking protective leave, such that a grandfather could no longer be the primary caregiver for his grandchildren may support a claim of constructive discharge because the working conditions had become intolerable for his specific circumstances.  The Court noted that this inquiry is fact specific, and after discovery, information uncovered may prove that the plaintiff's resignation was unreasonable.  *Id*.

In the matter at hand, Defendant demanded that Plaintiff return to full time scheduled four-day week she was working before taking protected leave.  Plaintiff was unable to accommodate that schedule with the needs of her two children, and she alleges that she relied upon her schedule reflecting the modified days and times as a permanent change before taking leave.  ECF No. 14 at 9, ¶¶ 54, 55.  Further, Plaintiff alleges that she felt the need to either accept her original working hours or resign.  *Id*.  Whether or not Plaintiff's schedule change was to be permanent or temporary is currently in dispute, and as such, the Court cannot readily determine whether Plaintiff was reasonable in her resignation.  Taking the allegations in the light most favorable to the Plaintiff, a colorable claim can be made that Defendant was inflexible with Plaintiff's schedule based on her request for more time off, knowing that without the modification, Plaintiff would be forced to resign.  A reasonable jury may find that this change in schedule could amount to

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 12

1   "aggravating circumstances" for the purposes of establishing intolerable working

2   conditions.  *Allstot*, 116 Wash.App. at 433, 65 P.3d 696.  Therefore, Defendant is

3   not entitled to dismissal of Plaintiff's termination in violation of public policy

4   claim at this time.

5   **ACCORDINGLY, IT IS HEREBY ORDERED:**

6       Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED in part**.

7       The District Court Executive is directed to enter this Order and furnish

8   copies to counsel.

9       DATED October 17, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 13